By the Court,

Nelson, J.
I am of opinion the demurrer is well taken. It is settled that where there is a condition precedent on the part of the plaintiff, performance, or that which is equivalent thereto, must be averred and proved, otherwise the action cannot be sustained ; and the defendant may plead the non-performance in bar of the action, or if it is entirely omitted in the declaration, or defectively stated, he may demur, as has been done in this case. And where the plaintiff is seeking to recover a penalty, or liquidated damages, which is the same thing, he is held strictly to an observance of this rule, and must show an exact and punctual performance on his part.
The case turns upon the question whether the covenant declared on is independent or not ? The defendants sell the printing press, types, patronage and good will of the establishment, to the plaintiffs ; covenanting not to establish another press within a certain time, in consideration of $3,500, to be secured *lo be paid as specified in the articles of agreement. The consideration on one side is the covenants to sell the press, &c. and not to establish another press; and on the other the covenant is to pay the $3,500, to be secured as aforesaid. Each covenant goes to the whole consideration on each side. For instance : the one upon which the plaintiffs have declared enters into and forms a part of the consideration for the payment of the $3,500; and the defendants must look to that fund, and that alone, as the consideration for this covenant. The same may be said of every other one in the articles of agreement on the part of the defendants ; and it would be extremely unjust, and unreasonable, therefore, to require them to perform all, or any of their covenants, or subject them to a heavy penalty on failure, if the plaintiffs have failed to fulfill on their part. If we construe .this covenant to be independent, such may be the result; for in such case the defendants cannot plead in bar the breach of the plaintiff’s covenant, and the plaintiffs may recover, though they have violated every covenant in the articles of agreement on their part. 1 Selw. 383.
As the covenant to pay the $3,500, and secure the same, constituted the consideration for each and all of the covenants of the defendants, and as there is nothing in the articles which, upon a sound construction, necessarily makes either of them independent, my conclusion is, that the plaintiffs, to sustain the action, must show a strict performance on their part, or that which is equivalent ; and that the fulfilment of the defendants’ covenant depends upon such performance, when the plaintiffs are seeking to enforce the same by action.
The case of the Duke of St. Albans v. Shore, 1 H. Black. 270, gives the true rule for this case, and it was taken from the case of Boon v. Eyre, deci *72 ded by Lord Mansfield. It is this 1 “ Where matual covenants go to the whole of the consideration on both sides, they are mutual conditions, the one precedent to the others ; but where they go only to part, and the breach may be paid for in damages, there the defendant, has his remedy on the covenant broken, and shall not plead it as a condition precedent,” 1 H. Black. 273. n. 1 Selw. N. P. 385, n., and cases there cited. Serjeant Williams, in his note to Pordage v. Cole, 1 Saund. 320, says : “ where the mutual covenants *go to the whole consideration on both sides, they are mutual conditions and performance must be averred, that is, by the party bringing the action for a breach of any of them, and cites the Duke of St. Albans v. Shore. This is no doubt the true principle to be extracted from that case.
Now it is clear that the plaintiffs’ covenant, to secure the payment of $3500, as specified in the agreement, and those on the part of the defendants, are mutual, and go to the whole of the consideration on both or each side ; and if so, performance by the plaintiffs should have been averred, and a breach on their part would be fatal to the recovery within all the cases. See the cases cited above, and 8 T. R. 373; 4 East, 484, opinion of Lawrence, J.
This case is not to be confounded with those where there has been a part performance by the plaintiff, and the defendant seeks to avoid the performance of his covenants, by setting up a breach of the residue. In such cases, other considerations arise and control. For aught that appears in the pleadings, the covenants are wholly executory and future, and the question is, whether the plaintiffs can recover the $3000 liquidated damages for a breach of the defendant’s covenant, by which they bound themselves not to establish a press and publish a newspaper for a certain time, when they have omitted or refused to fulfil the covenant on their part, which constitutes the whole of the consideration for the defendants ; for, as before said, if the demurrer is not well taken, a plea of the non-performance on the part of the plaintiffs would be bad. If the plaintiffs are not bound to aver the fact in the declaration, the defendants cannot plead it in bar, and the consequence would be, that they must seek their remedy by suit to recover their damages, in case of a breach on the part of the plaintiffs. This would be an idle litigation, and we should have regretted if the law had compelled us to come to such a conclusion.
The case of the Duke of St. Albans v. Shore was as strong a case for the defendants as this one. The action was for the penalty of £500 in articles of agreement, by which the defendant was to purchase a certain farm of the plaintiff at the price of £2594, to be paid at Lady day, 24th March. The *plaintiff was to accept a conveyance of a farm from the defendants at £1820, in part payment. All timber trees, elms and willow trees which were then upon the above farms were to be fully valued by two appraisers, and the value to be paid by the respective purchasers. The plaintiff averred a readiness and ability to perform every thing on his part, and an offer to do so, alleging a breach on the part of the defendant. The defendant pleaded that before Lady day, the duke cut down divers, to wit, 500 timber trees, 500 elms, and 500 willow trees, whereby he disabled himself from performing the articles of agreement on his part, and for which reason the defendant declined executing the agreement on his part. There was a demurrer and joinder. The case was elaborately argued and well considered by the court, and Lord Loughborough put the case upon the distinction taken in Boon v. Eyre, which was believed a fair and sound one. He said the question was, whether the covenant of the plaintiff goes to the whole consideration of that which was to be done by the defendant ? That the duke clearly covenanted to convey an estate to the defendant, in which all the timber growing on the estate was necessarily inclu *74 ded; and that if it was in any sort a consideration to the party purchasing to have the timber, the party selling ought not to be permitted to alter the estate by cutting down any part of it. That this was not an action of covenant, where one party has performed his part, but was brought for a penalty, on the other party refusing to execute a contract, and that to entitle him to a penalty, he ought punctually, exactly and literally to complete his part.
In the case under consideration, the covenant of the plaintiffs to secure the $3500, is the whole and only consideration of the covenant of the defendants, and performance is not averred in the declaration. The plaintiffs assume the right to recover the penalty or liquidated damages, whether they have completed the covenant on their part or not. Courts lean against construing covenants to be independent, unless such is the obvious intent of the parties ; and so they should, for reasons which have already appeared. The application of that rule is decisive of this case.
Judgment for defendants on demurrer, with leave to plaintiffs to amend on payment of costs.